JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| IN RE: STEVE WILLIAM NOLAN | CASE NO. 5:20-cv-01496-MCS |
|---|---|
| | USBC Central District of CA at Riverside Division, 6:19-bk-17161-SC |
| | ORDER AFFIRMING BANKRUPTCY COURT'S ORDER OVERRULING TRUSTEE'S OBJECTION TO APPELLEE'S CLAIMED HOMESTEAD EXEMPTION |

Before the Court is an appeal from the United States Bankruptcy Court (the Honorable Scott C. Clarkson, United States Bankruptcy Judge). Appellant Karl T. Anderson, Chapter 7 Trustee for Debtor Steve William Nolan's estate, appeals from the Bankruptcy Court's Order Overruling Anderson's Objection to Nolan's claimed homestead exemption. (Docket No. 28–29.) Having reviewed the Bankruptcy Court's reasons for overruling the Appellant's objection, that court's decision is **AFFIRMED** for the reasons stated below.

## I.        BACKGROUND

On May 20, 1993, Appellee's father, William B. Nolan, established a living trust ("Trust") in his name. (Appellant Anderson's Opening Brief, Docket No. 28,

16.) The Trust was amended two more times, with the third and final amendment occurring on April 28, 2012. (*Id*.) On December 6, 2016, William B. Nolan recorded a quitclaim deed transferring title of his home located in Corona, California ("Corona Property") from himself to the Trust. (*Id*.)

William B. Nolan passed away on January 21, 2017, leaving behind two surviving sons, Appellee and his brother Gregory Nolan. (*Id*.) In relevant part, the Trust stated that its assets would be liquidated and distributed to the Trust beneficiaries upon the death of the Trustor. (*Id*.); *see also* Notice of Bankruptcy Appeal ("Notice"), Bankruptcy Court Order, Docket No. 1, 4–5.[1] Steven Nolan was the trustee at the time and, according to Appellant, "continued to reside at the Property in breach of his fiduciary duty" to liquidate the Trust as instructed. (Opening Brief 16.)

On July 1, 2019, Gregory Nolan filed a petition in the probate division of the Riverside County state court. (*Id*.) In doing so, Gregory Nolan sought to compel an accounting and to remove Steven Nolan as trustee (who had been serving in that role) in favor of having the probate court appoint a new one. (*Id*.)[2]

On August 15, 2019, Steven Nolan filed a chapter 7 voluntary petition in the U.S. Bankruptcy Court in Los Angeles, California. (*Id*.); Appellant's U.S. Bankruptcy Court Docket ("USBC Docket"), Docket No. 1-1, 1. In the petition, Steven Nolan claimed the Corona Property as the address where he resided. (Opening Brief 17); Appellee's Bankruptcy Petition ("Appellee's Petition"), Opening Brief Appendix 1, Docket No. 21-1, 3. More specifically, he submitted a

---

[1] The Bankruptcy Court's order included the full plain language of the Trust, which read: "The Trustee shall [] distribute the remaining trust estate as herein provided . . . the Trustee shall divide the trust estate into as many equal shares as there are children of the Trustor . . . Any share allocated to a living child of the Trustor shall be distributed to that child, free of trust."

[2] Appellant makes these allegations, but then later claims that the Property was "only in the process of being administered to effectuate the Father's intent that his assets be distributed equally to his son." (Opening Brief 34.)

1  Schedule C form for "The Property [He] Claimed[ed] as Exempt," seeking a
2  homestead exemption of $75,000 for the "Corona Property" under California Code
3  of Civil Procedure § 704.730. (Appellee's Petition 18.) Title to the Corona Property
4  has remained in the Trust's name since William B. Nolan quitclaimed it to the Trust.
5  (Opening Brief 17.)

6      On November 20, 2019, the Bankruptcy Court granted Gregory Nolan's relief
7  from the automatic stay to proceed with the state court probate action. (*Id*. at 17–
8  18.) On December 18, 2019, the probate court issued an order removing Steven
9  Nolan as the trustee of the Trust and made Gregory Nolan the successor trustee. (*Id*.
10 at 18.)

11     On May 21, 2020, Appellant Trustee filed an objection to Appellee Steven
12 Nolan's claimed homestead exemption in the Corona Property. (*Id*.); *see also*
13 Appendix 5 to Appellant's Opening Brief, Notice of Motion and Motion Objecting
14 to Debtor's Claimed Homestead Exemption ("Objection"), Docket No. 29-5, 2.
15 Steven Nolan opposed Trustee's Objection on June 9, 2020. (Opening Brief 18.)
16 Trustee replied to Steven Nolan's opposition on June 16, 2020. (*Id*.)

17     The Bankruptcy Court held a hearing on the Trustee's motion on June 23,
18 2020 and subsequently took the matter under submission. (*Id*.); Bankruptcy Court
19 Hearing Transcript ("Hearing Transcript"), Docket No. 29-10. The Bankruptcy
20 Court entered an order overruling the Objection on July 21, 2020. (Opening Brief
21 18.) The Bankruptcy Court designated its order for publication. (*Id*.) On July 27,
22 2020, Appellant Trustee filed a notice of appeal with the United States District
23 Court. (*Id*.)

24              **II. <u>QUESTIONS PRESENTED ON APPEAL</u>[3]**

25     1.  Is the probate court exception applicable to this case?

26

---

27     [3] Appellant stated five issues on appeal, however the Court has found that the key issues can
    be distilled down to the following questions.
28

2. Did the Bankruptcy Court err in granting the exemption?

3. Did the Bankruptcy Court make improper factual findings before issuing its order granting Debtor's homestead exemption?

## III.   STANDARD OF REVIEW

"Pursuant to 28 U.S.C. section 158(a), federal district courts have jurisdiction to review appeals from Bankruptcy Court judgments and final orders. A bankruptcy court's order denying an exemption is a final, appealable order." *Tan Lao v. Avery*, 2017 WL 8186670, at *3 (C.D. Cal. August 15, 2017) (citing *Preblich v. Battley*, 181 F.3d 1048, 1056 (9th Cir. 1999)).

"The Court reviews a bankruptcy court's interpretation of state exemption laws de novo, considering a matter anew, as if no decision had been rendered previously." *Id.* (quoting *In re Calderon*, 507 B.R. 724, 728 (9th Cir. BAP 2014) (internal quotations omitted)). A district court reviews a bankruptcy court's conclusions of law de novo and its findings of fact for clear error. *In re Tsung Yu Chien*, 2020 WL 3965031, at *1 (C.D. Cal. April 2, 2020) (citing *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 940 (9th Cir. 2007)).

Pertinent to this appeal, whether Steven Nolan was properly permitted to claim the homestead exemption on the Corona Property is a question of law, whereas whether he continuously resided at the Corona Property or intended to use it as his permanent dwelling on the petition date is a question of fact. *See Tan Lao*, WL 8186670, at *3 (holding that this standard applies for these particular issues); *see also In re Kelley*, 300 B.R. 11, 16 (9th Cir. B.A.P. 2003) ("[Q]uestions regarding the right of a debtor to claim exemptions are questions of law subject to de novo review, whereas the issue of a debtor's intent is a question to be reviewed under the clearly erroneous standard."). Factual findings are clearly erroneous if they are "illogical, implausible, or without support in

4

inferences that may be drawn from the record." *Tan Lao*, WL 8186670, at *3. Similarly, findings of fact are not clearly erroneous unless the reviewing court has a definite and firm conviction that a mistake has been made. *Id.* (citing *In re Karr*, 278 F.App'x 741, 742 (9th Cir. 2008)) (internal quotations and marks omitted).

## IV. <u>DISCUSSION</u>

"Substantive issues regarding the allowance or disallowance of the claimed exemption at issue are governed by California Law." *Id.* (citing *In re Diener*, 483 B.R. 196, 203 (9th Cir. B.A.P. 2012)). Furthermore, "[u]nder the California Code of Civil Procedure, a debtor in bankruptcy's interest in his dwelling may not be sold to enforce a money judgment." *Id.* (citing Cal. Civ. Proc. Code §§ 704.720, 704.740(a)).

### A. Bankruptcy Filing and Claimed Homestead Exemption

"When a debtor files a bankruptcy petition, all of his assets become property of the estate and may be used to pay creditors, subject to the debtor's ability to reclaim specified property as exempt." *In re Elliot*, 523 B.R. 188, 192 (9th Cir. B.A.P. 2014) (citing *Schwab v. Reilly*, 560 U.S. 770, 774 (2010)). "Under the 'snapshot' rule, bankruptcy exemptions are fixed at the time of the bankruptcy petition." *In re Jacobson*, 676 F.3d 1193, 1199 (9th Cir. 2012). The "exemptions must be determined in accordance with" 11 U.S.C. 522(b)(3)(A). *Id.* "Section 522(b) permits a debtor to exempt either the property set forth in section 522(d) or, alternatively, any property that is exempt under state law 'that is applicable on the date of the filing of the petition.'" *In re Diener*, 483 B.R. at 203 (quoting 11 U.S.C. § 522 (e)(3)(A–B)).

"California has elected to 'opt out' of the federal exemption scheme, so California residents filing for bankruptcy are limited to the exemptions afforded under state law." *Id.* "Therefore, substantive issues regarding the allowance or

disallowance of the claimed exemption at issue are governed by California law." *Id*. In California, there are two types of homesteads: declared and automatic. *Amin v. Khazindar*, 112 Cal.App.4th 582, 588 (2003). The declared homestead, which may be recorded, "protects the property from execution by certain creditors to the extent of the amount of the homestead." *Id*. (citing Code Civ. Proc. § 704.920). "Because many California debtors used to fail to record these exemptions, the legislature in 1974 enacted laws creating an automatic homestead exemption. *Id*. (citing Code. Civ. Proc. § 704.720). "The automatic homestead exemption is available when a party has continuously resided in a dwelling from the time that a creditors' lien attaches until a court's determination in the forced sale process that the exemption does not apply." *Amin*, 112 Cal.App. 4th, at 588 (quoting *In re Mulch*, 182 B.R. 569, 572 (Bankr.N.D.Cal.1995); *Webb v. Trippet* 235 Cal.App.3d 647, 651 (1991)). These two exemptions are distinct protections. *Id*.

### 1. Burden of Proof: FRBP 4003 And CCP § 703.130

Under the Federal Rules of Bankruptcy Procedure ("Fed. Rules Bankr. Proc.") "the objecting party has the burden of proving that the exemptions are not properly claimed." Fed. Rules Bankr. Proc. Rule 4003(c). The bankruptcy code authorizes a debtor to exempt certain assets. 11 U.S.C. § 522(b). "A claimed exemption is 'presumptively valid.'" *In re Green*, 2017 WL 957151, at *7 (9th Cir. B.A.P. March 10, 2017) (quoting *Carter v Anderson (In re Carter)*, 182 F.3d 1027, 1029 n.3 (9th Cir. 1999)). However, "where the state law exemption statute specifically allocates the burden of proof to the debtor, Rule 4003(c) does not change that allocation." *Childs v. Gladstone*, WL 4849170, at *4 (S.D. Cal. October 1, 2019) (quoting *Diaz v. Kosmala (In re Diaz)*, 547 B.R. 329, 337 (B.A.P. 9th Cir. 2016) (distinguishing the presumption outlined in *Carter* from the Supreme Court's opinion in *Raleigh v. Illinois Dep't of Revenue*, which was decided a year after *Carter*). In *Childs*, the court cited the *Diaz* court's comments on *Raleigh*, stating that 'bankruptcy does not alter the burden imposed by the substantive law.'" *Childs*, WL

6

4849170, at *4 (quoting *Diaz*, 547 B.R. at 337 (citing *Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 20–21 (2000))). Accordingly, Appellee holds the burden of establishing the right to the exemption and, once alleged, Appellant has the burden of rebutting that claim.

### 2. *The Probate Exception*

"The probate exception to federal jurisdiction reserves probate matters to state probate courts and precludes federal courts from disposing of property in the custody of a state court." *Goncalves By and Through Goncalves v. Rady Children's Hospital San Diego*, 865 F.3d 1237, 1251 (9th Cir. 2017) (citing *Marshall v. Marshall*, 547 U.S. 293, 311 (2006)). "But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id*. "Federal courts have jurisdiction to entertain suits to determine the rights of creditors, legatees, heirs, and other claimants against a decedent's estate, so long as the federal court does not interfere with the probate proceedings.'" *Id*. (internal quotations omitted).

On appeal, Appellant argues that the Bankruptcy Court's "decision was premature and [that] the court should have deferred any ruling on the exemption until the [p]robate [c]ourt completed its adjudication regarding the [t]rust and the right of the parties in the Property[,]" because the probate exception applies. (Opening Brief 33.) Appellant, however, has not sufficiently addressed this issue in his briefing and it is unclear whether the probate exception applies here. During the Bankruptcy proceedings Appellant claimed that, "due to Debtor's willful failure to faithfully carry out his duties as trustee of the Trust, [Gregory Nolan] filed a petition in probate court to remove [Steven Nolan] as trustee[] and the probate court entered judgment accordingly." (Objection 9.) However, upon review, Appellant offers many conflicting statements regarding this issue.

On one hand, Appellant claims that the probate proceedings were instituted to administer the estate. (Opening Brief 34); *see also* Hearing Transcript 5 ("[T]he

7

probate will be determining [whether Debtor is] entitled to [claim the exemption] under the language of the trust."). Appellant otherwise merely states that there is a removal proceeding happening in state probate court (or that has happened since the Objection). (Opening Brief 12, 16, 26); *see also* Hearing Transcript 5, 14, 17. Namely, during the hearing, Appellee referred to the probate proceedings as a removal action. (Hearing Transcript 17.) ("There was a removal action, and the probate matter is ongoing.") On another occasion, Appellee explained that the probate action would have occurred because his brother was bringing an unlawful detainer action against him and he "wanted that to get adjudicated before bringing the objection." (Hearing Transcript 14.) Due to COVID-19 related resource issues, however Appellant was willing to continue the Objection matter until the matter "pending on adjudication [regarding] whether the [Appellee's] possession [of the Property] was unlawful" was resolved. (*Id.*) Accordingly, if Appellee was deemed to be detaining, he would have been ordered to vacate the property and it would be sold. (*Id.*) Appellee countered that he intended to keep the house and buy out his brother, which is evidenced by Appellee's occupancy attestation in the Petition forms. (Hearing Transcript 22.)

These numerous inconsistencies strongly damage Appellant's argument on appeal, particularly regarding the applicability of the probate exception. For the probate exception to apply, and thereby prohibit the Bankruptcy court from hearing the homestead exemption issues, the probate court must have exclusive jurisdiction over the matter. *See Goncalves*, 865 F.3d at 1252 ("[U]nless a federal court is endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume in rem jurisdiction over property that is in custody of the probate court, the probate exception does not apply.").

Although these are nuanced issues which are related to, but distinct from, the homestead exemption laws, both Appellee and Appellant have not fully alleged the difference between the two types of exemptions. However, Appellee was able to at

8

least shift the burden to Appellant. For example, during the hearing the judge asked Appellee why he believes that § 704.910, the declared homestead exemption, "excludes beneficiaries of [a] trust." (Hearing Transcript 23.) In response, Appellee relied on  a case that identified the difference between the two types of homesteads available in California, but neglected to describe those distinctions after mentioning the case. (*See* Hearing Transcript 23–25) ("I think the more likely reason for that is identified in the *Amin v. Khazindar* case, where they explain the reason for this law to begin with."). Instead, Appellee emphasized that, as trustee of the estate who was living there at the time he filed Bankruptcy, Appellee had "full legal control of the property"  only because of his status as trustee (thereby forfeiting him the right to a homestead exemption if he is removed as trustee). (Hearing Transcript 26–27.) Earlier, however, Appellee stated that "we cited some authority in our response that seems to make it clear that residency or dwelling analysis does not require ownership." (Hearing Transcript 17.) That statement is true as to the automatic homestead exemption. Indeed, Appellee's brief alleged that "it is not in dispute that [Appellee] is presently, and has for many years, resided in the Property." (Debtor's Reply to Trustee's Objection ("Debtor's Reply"), Docket No. 21-6, 6.) Appellee also cited California law to establish that "[t]here is nothing that suggests 703.020 requires that a claimant owns the property subject to a claim of exemption rather than merely possess it." (*Id.*) (citing *Broadway Foreclosure Investments, LLC v. Tarlesson*, 184 Cal.App.4th 931, 937 (2010)). Appellant, on the other hand, argues that Appellee could not claim bare legal title to the house (because that belongs to the estate) and that his equitable interest could not suffice because it "is not the property itself." (*Id.* at 27.) This response addresses why Appellee cannot claim a declared homestead exemption (section 704.950), but it does not address the automatic homestead (section 704.710–704.850).

/ / /

9

A similar problem exists regarding Appellant's response to Appellee's position. First, he cites no law to directly establish that Appellee does not own an equitable interest in the property. Instead, he cites caselaw that highlights how a debtor who holds legal title to a property solely for the benefit of another (i.e. like as a trustee), has only bare legal title and therefore cannot be exempted in the debtor's estate. (*See* Appellee's Reply to Debtor's Reply ("Trustee's Reply"), Docket No. 21-7, 7.) (citing a string of cases ranging mostly from 1986 to 1991). These arguments only partially address the crux of the question presented before the court (i.e. whether Appellee's residence in the Property and his beneficiary interest in the Trust allows him to claim the automatic homestead exemption). Further, Appellant's reply neglects to acknowledge the role that Appellee's beneficiary interest in the Trust may play in allowing him to claim the exemption. (*See generally* Trustee's Reply 9.)  Although Appellant cites section 704.710, he does not address Appellee's potential interest in the Trust and does not cite any law to confirm that it may not be considered an equitable interest.

These examples evidence both parties' neglect to fully distinguish the probate exception issues from the beneficiary interest issues. This negligence, however, primarily hurts Appellant's arguments because Appellee established that he could potentially claim the automatic exemption, which shifted the burden to Appellant to discredit that conclusion.

Ultimately, the Court finds that Appellant has waived the argument regarding the probate exception here. Appellant did not sufficiently argue the point during the Bankruptcy court proceedings, during his Objection pleadings, or during his Opening Brief. Appellant's objection to Appellee's claimed exemption generally references the relevant facts relating to the probate action that was ongoing at the time of the Bankruptcy Court case. (*See generally* Objection.) Otherwise, the Objection is completely silent on the applicability of the probate exception and

1    Appellant's Reply does not provide legal analysis to support its applicability.

2    Further, Appellant merely mentioned the probate exception during the hearing

3    without supporting any argument with caselaw authority. (Hearing Transcript 10.)

4    ("I think this is an instance where, you know, it's rare, but the probate exception

5    probably applies.").

6         "We apply a 'general rule' against entertaining arguments on appeal that were

7    not presented or developed before appeal." *In re Mercury Interactive Corp. Sec.*

8    *Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) (citing *Peterson v. Highland Music, Inc.*,

9    140 F.3d 1313, 1321 (9th Cir. 1998)). "Ordinarily, 'an appellate court will not hear

10   an issue raised for the first time on appeal.'" *Kaas Law v. Wells Fargo Bank, N.A.*,

11   799 F.3d 1290, 1293 (9th Cir. 2015) (quoting *Cornhusker Cas. Ins. Co. v. Kachman*,

12   553 F.3d 1187, 1191 (9th Cir. 2009)). "Although no bright line rule exists to

13   determine whether a matter has been properly raised below, an issue will generally

14   be deemed waived on appeal if the argument was not raised sufficiently for the trial

15   court to rule on it." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992

16   (9th Cir. 2010) (internal quotations and citations omitted). "Such a waiver is a

17   discretionary, not jurisdictional, determination." *Id.*  Courts "exercise . . . discretion

18   to  reach waived issues only in three circumstances: [1] in the exceptional case in

19   which review is necessary to prevent a miscarriage of justice or to preserve the

20   integrity of the judicial process, [2] when a new issue arises while appeal is pending

21   because of a change in the law, and [3] when the issue presented is purely one of

22   law and either does not depend on the factual record developed below, or the

23   pertinent record has been fully developed." *Id.* (internal quotations and citations

24   omitted). Here, there are no facts to suggest that a miscarriage of justice or a change

25   in the relevant law has occurred or will occur. Likewise, the beneficiary interest and

26   related probate exception issues are not purely questions of law because, as stated

27   above, whether the homestead exemption's section 704.710 dwelling requirement is

28   satisfied is a question of fact.

11

1    ### 3.  *California Automatic Homestead Exemption and the Bankruptcy*
2    *Court's Findings*

3    Appellee has claimed that the "automatic" homestead exemption applies here,

4    and that "the two necessary components" of the exemption have been met here as

5    required under Cal. Civ. Proc. Code § 704.730. (Appellee's Reply Brief 7.) "The

6    automatic homestead exemption protects a debtor from a forced sale and requires

7    that the debtor reside in the homestead property at the time of a forced sale." *In re*

8    *Diaz*, 547 B.R. at 334. "The filing of a bankruptcy petition constitutes a forced sale

9    for purposes of the automatic homestead exemption." *Id*. "The automatic homestead

10   exemption 'is not an absolute right to retain the homestead itself.'" *In re Fuentes*,

11   687 Fed.Appx. 542, 544 (9th Cir. 2017). "Rather, it is a debtor's right to retain a

12   certain sum of money when the court orders sale of a homestead in order to enforce

13   a money judgment." *Id*. "California Civil Procedure Code section 704.730 provides

14   the monetary value of a debtor's homestead exemption, based on the debtor's family

15   status" and other factors. *Id*. "However, a judgment debtor's homestead can only be

16   sold if a 'bid is received at a sale of [the] homestead pursuant to a court order for

17   sale that exceeds the amount of the homestead exemption plus any additional

18   amount necessary to satisfy all liens and encumbrances on the property.'" *Id*. (citing

19   Cal. Civ. Proc. Code § 704.800(a)).

20   Here, Appellant argues that the Bankruptcy Court "hypothesized" when it

21   determined that "in certain circumstances, a judgment creditor could attach a lien to

22   a judgment debtor's beneficial interest in property held by a trust. Property, because

23   no jurisdiction existed for the court to do so. (Opening Brief 29.) Further, he argues

24   that Appellee's assumptions "that a hypothetical judgment creditor could attach a

25   lien to Appellee's assumed interest in the Property itself in the probate proceedings"

26   are "not supported by the evidence and the viability of these unadjudicated claims

27   has yet to be resolved." (Appellant's Reply Brief 18.) He also argues that the Court

28   must consider whether Appellee was breaching "his fiduciary duties as trustee to sell

the property and distribute the proceeds to each 50% beneficiary." (Opening Brief 14.)

The Ninth Circuit BAP has long held that "the filing of the [bankruptcy] petition serves as both a hypothetical levy and as the operative date of the exemption." *In re Diaz*, 547 B.R. at 335*; see also Nadal v. Mayer (In re Mayer)*, 176 B.R. 186, 189 (9th Cir. B.A.P. 1994) ("[t]he filing of the petition constitutes an attempt by the trustee to levy on the property. It is this hypothetical levy the court must focus on in analyzing [the debtor's] entitlement to a homestead exemption.").

Appellant's arguments during the hearing and in his Objection also emphasize that the Appellee's only beneficial interest in the trust is personal property, which also is inaccurate based on his supporting evidence. The Bankruptcy Court pointed out that the plain language of the trust does not expressly require a sale or direct the trustee to liquidate the real property and divide the proceeds, instead stating that the beneficiaries will obtain "distributions." (Notice 18.) It qualified that the personal versus real property interest distinction is pertinent to the declared homestead exemption, but "absent a clear directive from the California Supreme Court, Trustee does not show that this distinction is relevant to the *automatic* homestead statute." (*Id*. at 9.) It further clarified that the distinction between personal and real property interests would be controlling if the court was focused on the declared homestead exemption, noting instead that it is examining the automatic exemption. (Notice 9 n. 13.)

## B. The Merits of the Bankruptcy Court's Homestead Exemption Grant

The Court agrees with the Bankruptcy Court's distillation of the issues and the fact that automatic homestead exemption discourse is what guides the question of whether Appellant's Objection was properly denied. The Bankruptcy Court properly highlighted the importance of distinguishing the two type of homestead exemptions and held that the automatic exemption is the relevant one here (even

though both parties neglected to draw the distinction). The Trustee's Objection itself supports the conclusion that the automatic homestead exemption is the type of homestead exemption that applied here. Likewise, his Objection states that "a search of the county recorder's records through its online recorder's services shows that there is no recorded declaration of homestead." (Objection 8.) This therefore suggests that the homestead at issue must have been an automatic one. *See Salameh v. Hotel*, 2017 WL 87046, at *2 (S.D. Cal. January 10, 2017) (citing Cal. Code Civ. Proc. § 704.950) ("In order to obtain the protection under a declared homestead, the homestead declaration must be recorded prior to the date of recording of the abstract of judgment.).

In discussing the automatic homestead exemption, the Ninth Circuit has historically described it as Cal. Civ. Proc. Code sections 704.710–704.810, stating that the automatic exemption "protects a debtor from a forced sale and requires that the debtor reside in the homestead property at the time of a forced sale." (*Diaz*, 547 B.R. at 334); *see also In re Anderson*, 824 F.2d 754, 756 (9th Cir. 1987) ("The statutory provisions affecting homesteads are primarily located in Article 4 (§§ 704.710–704.850) and Article 5 (§§ 704.910–704.995) of Title 5, Division 2, Chapter 4 of the California Code of Civil Procedure. Article 4 provides for an 'automatic' homestead, for which no recording is necessary. Article 5 provides for recorded declarations of homestead."). Meanwhile, California courts have likewise recognized 704.710–704.730 as the automatic exemption by conducting statutory interpretation issues as required by California law. *See Wells Fargo Financial Leasing, Inc. v. D & M Cabinets*, 177 Cal.App.4th 59, 66–68 (2009) ("The issue . . . is one of statutory interpretation") (citations and quotations omitted)(adding references to section 704.710–704.850 while explaining how "[s]ection 704.740 is part of the homestead laws."); *see also Amin*, 112 Cal.App.4th at 588 (listing the declared exemption as Cal. Code Civ. Proc. section 704.920 and the automatic exemption as section 704.720).

Further, California common law has recognized that "[t]here is no requirement in section 704.710 that the judgment debtor continuously own the property, and we do not read section 703.020 to impose such a requirement." *Broadway*, 184 Cal.App.4th at 937; *see also* Cal. Civ. Proc. § 703.020 (The statute is titled "Persons who may claim exemptions[.]"). Relatedly, "there is nothing that suggests 703.020 requires that a claimant own the property subject to a claim of exemption rather than merely possess it." *Id*. at 322–23. "Several California cases recognize that judgment debtors who continuously reside in their dwellings retain a sufficient equitable interest in the property to claim a homestead exemption even when they have conveyed title to another." *Id*. (citing a string of California cases ranging from 1952 to 2001). "Such a result is consistent with the purpose of California's homestead exemption to protect one's dwelling against creditors." *Id*. Accordingly, section 704.710(c) "requires only that the judgment debtor *reside* in the property as his or her own dwelling at the time the judgment creditor's lien attaches and continuously thereafter until the court determines the dwelling is a homestead*." In re Gilman*, 887 F.3d 956, 965 (2018) (quoting *Tarlesson*, 184 Cal.App.4th at 937). "It does not require that the debtor continuously own the property." *Id*. at 965–966. ("California law rejects [the] argument that title to [] property is necessary to claim a homestead exemption.") (citing *Tarlesson*, 184 Cal.App.4th at 937). "[A] third party does not defeat a debtor's right to an automatic exemption, 'because continuous residency, rather than continuous ownership, controls the analysis. *Id*. (citing *Elliot*, 523 B.R. at 196).

Here, Appellee claimed an "Equitable interest" in the Property when he filed his Bankruptcy petition and explained that title is held in a Trust to which he and his brother share equal halves of equity therein. (Bankruptcy Petition 12.) Appellee claimed the Property as exempt, cited C.C.P. section 704.730 and described the same beneficiary allocation as stated in the Trust language. (Bankruptcy Petition 18.) Neither party cites any California Supreme Court cases addressing this issue,

and likewise the Bankruptcy Court stated during the hearing that it did not have any law on this point. (Hearing Transcript 30) ("I don't have any California or Ninth Circuit law on point on this.") That point is the specific question of whether Appellee's beneficiary interest in the Trust can allow him to claim a homestead exemption in the Property.

Likewise, the Court has not found any California Supreme Court cases that explicitly state that Appellee's beneficiary interest in the Trust allow him the right to claim the automatic homestead exemption in the Property (which is an asset of the Trust). Nonetheless, "when, as here, the state's highest court has not interpreted the dispositive state law, we do our best to predict how that state's highest court would decide the issue." *In re Calderon*, 507 B.R. 724, 729 (9th Cir. B.A.P. 2014) (citations omitted). It is clear here that California has a long common law history of applying a liberal standard to the automatic homestead laws. *See In re Reaves*, 256 B.R. 306, 310 (9th Cir. B.A.P. 2000) (quoting *In re Crosby's Estate*, 2 Cal.2d 470, 473 (1935) ("The exemption statutes are to be construed liberally, 'for their manifest purpose is that of saving debtors and their families from want by reason of misfortune or improvidence.'") (internal quotations omitted). Further, the record clearly shows that Appellee possessed a beneficiary interest in the trust, and that he was residing in the Property during and after the Bankruptcy proceedings. Altogether, the Court holds that these factors support a finding that he was able to claim the automatic homestead exemption.

### C. Appellant Did Not Satisfy His Burden to Prove that Appellee was not Entitled to the Automatic Homestead Exemption

"'Generally, a debtor's claimed exemption is presumptively valid, and the party objecting to a debtor's exemption has the burden of proving that the exemption is proper' under Federal Rule of Bankruptcy Procedure 4003(c)." *In re Simon*, 2019 WL 3781599, *4 (C.D. Cal. August 12, 2019) (quoting *In re Diaz*, 547 B.R. at 336). "But '[w]here a state law exemption statute specifically allocates the

16

burden of proof to the debtor, Rule 4003(c) does not change that allocation.'" *Id*. "California law places the burden of proof on 'the party claiming the exemption.'" *Id*. "To determine whether a debtor resides in the property for homestead purposes, courts consider the debtor's physical occupancy of the property and the intent to reside there." *In re Gilman*, 887 F.3d at 965 (citing *Diaz*, 547 B.R. at 335 and *Ellsworth v. Marshall*, 196 Cal.App. 2d 471, 474 (1961)).

Appellee asserts that he had an equitable interest in the property and continuously resided there, primarily for the reasons discussed above. (Appellee's Reply 18–19.) Appellant responds by arguing that Appellee assumed certain facts about the extent of his interest in the Property, namely that he had an interest in the Property itself and not just a right to receive a monetary distribution from the Trust. (Appellant's Reply 18.)

As stated above, the Bankruptcy Court correctly concluded that Steven Nolan's petition triggered the automatic homestead exemption. (Notice 7.) ("The automatic homestead exemption is what is at issue in this case."). Likewise, the Bankruptcy Court correctly found that "Trustee does not refute that Debtor resides or intended to reside on the property, or address that a bankruptcy trustee, as a hypothetical creditor, may reach the Property being held in the Trust by virtue of Debtor's beneficiary interest in the Trust." (Notice 21.)

Likewise, on appeal, Appellant admitted that Appellee resided in the Property at all relevant times and still appears to be there until further notice. (Opening Brief 16.) ("Upon the death of the trustor, appellee continued to reside at the property.") (internal quotations and citations omitted). Appellee had the burden to prove his entitlement to claim the exemption. However, Appellant also had the burden to prove that the exemption should not be claimed. Since the record shows that it is uncontested that Appellee satisfied the dwelling and intention requirements, the Bankruptcy Court did not err in making such a factual finding here.

**D. The Bankruptcy Court's Findings Were Not Clearly Erroneous**

Factual findings are clearly erroneous if they are "illogical, implausible, or without support in inferences that may be drawn from the record." *Tan Lao*, WL 8186670 at *3. "Similarly, findings of fact are not clearly erroneous unless the reviewing court has a definite and firm conviction that a mistake has been made." *Id.* (citing *In re Karr*, 278 F.App'x 741, 742 (9th Cir. 2008)).

Here, the Court finds that the Bankruptcy Court made sufficiently logical factual and evidentiary findings to support its order. As outlined above, the Bankruptcy Court made several findings after reviewing the record, including reviewing the parties' briefs, holding a hearing on the Appellant's objection to Appellee's claimed homestead objection, asking questions where additional context was required, and listening to the arguments made by both parties. After these efforts, the Bankruptcy Court ultimately concluded that "[t]here is no express limitation on the interests of the beneficiary of a trust in the automatic homestead, which, as set forth below, is problematic for [Appellant's] position." (Notice 8.) Citing the Legislative Committee Comments to the automatic homestead exemption statute, Cal. Civ. Proc. Code section 704.720, it reasoned that interests of the beneficiary of a trust are included in the scope of the exemption. (Notice 8–9); *see also* Legislative Committee Comment to Amended Cal. Civ. Proc. Code section 704.720 (West) ("[A]ny interest sought to be reached by the judgment creditor in the homestead is subject to the exemption."). Accordingly, "a judgment creditor of a beneficiary to a trust may attach an enforcement lien to real property trust res." (Notice 9.)

The Ninth Circuit has not directly ruled on this specific issue, but the Bankruptcy Court's statutory interpretation analysis was logically supported with reference to the legislative history and related case precedent. Further, the hearing transcripts confirm that a robust discussion of these issues occurred and the Appellant himself was hesitant regarding the applicability of the probate exception

1    (saying instead that it is a "rare" instance where the exception "probably" applies).

2    (Hearing Transcript 10.)

3         In sum, Appellant has not offered enough evidence to give the Court a

4    "definite and firm conviction" that a mistake has been made, as required by the

5    Ninth Circuit and its progeny. *See Karr*, 278 F.App'x at 742. If a party timely

6    objects to a claimed exemption, it has the burden of proving that the exemptions are

7    not properly claimed and must produce evidence to rebut the presumptively valid

8    exemption. *In re Deiner*, 483 B.R. 196, 203 (9th Cir. B.A.P. 2012); *see also In re*

9    *Ziegler*, 2016 WL 3267387, at *4 (9th Cir. B.A.P. June 6, 2016) ("California has

10   mandated the use of state exemptions and has placed the burden of proof on the

11   party claiming the objection."). "If the residency requirements are satisfied, a

12   judgment debtor can claim a homestead exemption in the interest he or she has in

13   the property, 'regardless of whether the judgment debtor's interest is a fee,

14   leasehold, or lesser interest.'" *In re Fuentes*, 687 Fed.Appx. 542, 544 (9th Cir. 2017)

15   (quoting Cal. Civ. Proc. Code section 704.820 Law Revision Commission

16   Comments to 1982 Addition and citing *In re Elliot*, 523 B.R. 188 at 196). Appellant

17   has not satisfied his burden on these critical points. The Bankruptcy Court followed

18   logical steps of analysis using the evidence available on the record. Thus, the

19   Bankruptcy Court's factual filings were not clearly erroneous.

20                          **V. <u>CONCLUSION</u>**

21

22        The Court will not speculate as to the probate court's application with respect

23   to the Bankruptcy Court's decision to grant Appellee the automatic homestead

24   exemption claimed in his Bankruptcy petition. Although it is apparent that the

25   probate exception could have a decisive impact under a rare circumstance, Appellant

26   has not fully established that the circumstance is present here. Indeed, Appellant has

27   instead waived his probate exception theory by not sufficiently addressing the

28   nuances during the Bankruptcy proceedings and in his appellate briefings. Further,

the Court has independently come to the same conclusion as the Bankruptcy Court's for the remaining parts of the analysis. Lastly, the Bankruptcy Court did not make any clearly erroneous factual findings.

Because of these reasons, the decision to grant the claimed exemption is **AFFIRMED**.  The Clerk is directed to close this case.


IT IS SO ORDERED.

DATED:  February 12, 2021

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE


cc:  Bankruptcy Court